IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10731
Summary Calendar

JEFFREY JONES

Plaintiff - Appellant

v.

UNITED PARCEL SERVICE INC.

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1535-L

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Jeffrey Jones, Plaintiff-Appellant, appeals the district court's judgement granting summary judgment to United Parcel Service, Inc. ("UPS"), Defendant-Appellee. We affirm.

Jones was a package truck driver for UPS at its Dallas/Ft. Worth airport hub. Jones is a member of the Seventh-day Adventist Church, and as part of his religious beliefs, abstains from work from sundown on Friday through sundown

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on Saturday. During the peak holiday season from November through December, UPS, pursuant to the contract under which Jones was employed (the "CBA"), limited the time employees could request off. Pursuant to the CBA, drivers were assigned routes through a bidding process on a seniority basis. In August 2004, Jones failed to complete his route on a weekday other than Friday and was terminated. This termination was later reduced to a suspension. Jones then failed to complete his route on a Friday in December 2004 and was terminated. Jones sued UPS for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court granted summary judgment for UPS and Jones appeals.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court did. Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). An employer must offer a reasonable accommodation to allow its employees to follow their religious practices. Ansonia Bd. of Educ. v. Phillbrook, 479 U.S. 60, 68 (1986). Here, UPS had ten positions that did not involve work on Jones' Sabbath which were available for bidding. Of those, Jones only bid on three, which he did not receive because he lacked the seniority for the award. While Jones argues before this court that he did not bid on the other seven positions because he was out on leaves of absence, this argument was not presented to the district court. The district judge relied on the information and arguments presented. The chart presented by Jones regarding the open positions was not part of the summary judgment record and is therefore not considered.

An employee cannot specify the form of reasonable accommodation he prefers:

> Title VII does not restrict an employer to only those means of accommodation that are preferred by the employee. Once [the employer] establishes that it offered [the employee] a reasonable accommodation,

> even if that alternative is not [the employee's] preference, they have, as a matter of law, satisfied their obligation under Title VII.

*Bruff v. N. Miss. Health Servs. Inc.*, 244 F.3d 495, 501 (5th Cir. 2001). UPS offered Jones reasonable accommodations that Jones failed to avail himself of. "An employee has a duty to cooperate in achieving accommodation of his or her religious beliefs." *Id.* at 503. Jones demonstrated no such cooperation. The judgment of the district court is therefore affirmed.

AFFIRMED.